Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning everyone. Welcome to the 11th Circuit. We know that these are unusual circumstances and we're very glad to have you all here. I'm Judge Grant and Judge Marcus and I are pleased to welcome Judge Anne Marie Axson who sits in the Northern District of Alabama. Judge Axson, thank you for using both your time and your talents to help our court with these cases. So with that let's get started on our first case. United States v. Taylor. I believe that we'll hear from Mr. Dodge first. Mr. Dodge. May it please the court. My name is Matthew Dodge and I represent Otto Taylor. A conspiracy that includes cocaine base is a covered offense under section 404 so long as the defendant was B1A3 or B1B3. The presence of an uncovered powder cocaine offense does not change the fact that a defendant like Mr. Taylor was also convicted of a covered cocaine-based offense. This is true for several reasons. The plain text of section 404, the Jones opinion, Congress's purpose in passing the act, and the rule of lenity. Unless the court prefers to start elsewhere I'll begin with the text of section 404. Under the plain language of section 404 Mr. Taylor's conviction is a covered offense. A covered offense means, quote, a violation of a statute for which Congress modified the penalties through the Fair Sentencing Act. Those statutes that were modified are sections 841 B1A3 and B1B3. What about the fact that the, I'm sorry to interrupt, what about the fact that the 10-to-life sentence would still be his range? How do you address that problem of your argument? Is this Judge Grant? Yes, it is. Judge Grant, the statute does not require that the statutory mandatory minimum change. The statute simply says that if the defendant was sentenced under 841 B1A3 or B3 he has a covered offense, period. The presence of another violation here, the powder cocaine, where the statutory mandatory minimum will stay the same. It would remain at 10 years. But doesn't Jones, excuse me for interrupting, doesn't Jones specifically say that the, doesn't Jones specifically address that issue? Jones does not speak about this multi-drug conspiracy question. In fact, Judge Grant's question, excuse me, I'm so confused. The chief has, Jones specifically says that one of the requirements is as if and you don't address that. Judge Axton, we did try to address that in our brief that I filed on Friday. The as if clause, first of all, the government doesn't raise that argument in support of its position, either in its Rule 28 J letter or in its original brief. The as if clause, as the Jones panel noted, you yourself, Judge Axton, said this, quote, the clause does not permit reducing the move in sentence if he received the lowest statutory penalty that would be available to him. The lowest statutory penalty for Mr. Taylor's crime is 10 years in prison. He did not receive the lowest statutory penalty. His sentence is 30 years in prison, far above that floor. So it's not the case for him that he received the lowest statutory penalty. That is why Mr. Jackson, one of the defendants in Jones, was denied relief, but that does not apply here for Mr. Taylor. Again, the text of Section 404 is on our side. The text says, plain and simple, if someone's violation for a statute fell under 841 B1A3 or B3, he has a covered offense. That was true of all four defendants in Jones and is true of Mr. Taylor. The panel in Jones told us where to look to find out whether or not a particular defendant does have a covered offense. The panel told us to look at the docket, the charging document, the judgment, etc. In Mr. Taylor's indictment and his judgment, the language includes the drug amount for crack cocaine of at least 50 grams and both the judgment and the indictment expressly cite 841 B1A3. That is where the analysis must end. The government asked this court to write in extra limitations to Section 404 that Congress did not choose to write into the statute. What about this conspiracy that includes a second drug? Well, if Congress wanted to exclude crack cocaine offenders whose offense also included a second drug, which is common enough, Congress could have said so. That omission is particularly important here because in Section 404 C, Congress listed other limitations on eligibility for covered offenses. Neither of those limitations have anything to do with the presence of a second violation or a second drug in the conspiracy count. A couple of your honors have mentioned Jones. Nothing in Jones stands in our way here. The panel in Jones did not opine about whether a two-drug conspiracy count would qualify as a covered offense. In its 2028 J letter a couple weeks ago, the government tried very hard to argue that by negative implication, we should read the minds of the panel in Jones and assume that that panel would disapprove of our position here today. But again, all the panel did in Jones was note that Mr. Jones, that particular defendant, had originally been indicted for a multi-drug conspiracy count that Let me ask the question in a slightly different way. Suppose the defendant, instead of being charged with a multi-object conspiracy, one to possess with intent to distribute base, the other powder. Suppose he had been charged with two substantive crimes. Possession with intent to distribute base, possession with intent to the amount of cocaine, would have triggered way back then the mandatory minimum of 10 years and the maximum of life. And suppose the district judge had given a 360-month sentence for each of the two substantive offenses and ran them concurrently. And then the law changed with the Fair Step Act and your client challenged the sentence and said it was entitled to re-sentencing on the, at least with respect to the the crack sentence. Would the district court give him a re-sentence on that when the law plainly did not change on the other and the sentence had run concurrently? Judge Marcus, I have argued in my other First Step Act motions that yes, in that case the district judge may have discretion to revisit both the crack cocaine and powder cocaine sentences under the sentencing package doctrine. How could he have the opportunity to revisit a sentence that was pegged specifically to powder? The Fair Step Act didn't change that. It seems to me he would be without power to revisit a sentence that was driven by the possession of powder. The law didn't change about that. He got 360 months. With regard to that in my hypothetical, that sentence would remain the same. So why would we possibly trust with the other thing? It would seem to me the most you could do is suppose the judge re-heard it. The most he could do was sentence him to less than 360 on the crack charge, but he's still stuck with a 360. Wouldn't that be an utterly pyrrhic victory? And we've got doctrine dealing with concurrent sentences that suggests under circumstances like that we need not send it back for re-sentence on the one where the sentence could not possibly change. If that's so, how is that different from a multi-object conspiracy? One object was powder, the other object was crack. Your views on the hypothetical that you propose may be correct, Judge Marcus. It's certainly not the issue that we have before us today and in another case the court may rule just as you've suggested. But the question that we have here, of course, involves just a single count, as you said, that includes two parts. That makes all the difference here. Your hypothetical includes two separate crimes entirely. Here we have a single crime that includes a violation of a statute that was amended by the Fair Sentencing Act, that is the cocaine-based portion. The fact that it includes a second portion, a second element, the powder cocaine, in the same single crime, it makes all the difference here. This is a covered offense. Mr. Taylor was convicted of one and only crime, the conspiracy. The presence of the cocaine base and the 841B1A3 sentencing enhancement carries the day for us here. Let me ask the question in a slightly different way. Suppose the district judge in this case, involving Mr. Taylor, when it came to the time of sentence, said it's a single count, so the sentence is a single unitary sentence, but there are multiple objects. And what I'm going to do here is I'm sentencing him to 360 months, but lest there be any question down the road, if the only thing here was powder in this amount, in five kilograms or more of powder, I would give him 360 months. The fact that he did base only increases my desire to give him 360 months. So I'm giving him 360, but even if this was just a powder case, I would still give him 360. Would we send it back then? Yes, sir. I agree we don't have that here, but suppose we had something as explicit as that here. Would there be any reason why we would send this back for re-sentence? Yes, sir. In this case we have a covered offense, plain and simple. We crossed the eligibility gateway. That allows us to return to the district court for the court to exercise its discretion. Now, your hypothetical doesn't prevent us from crossing through the gateway. This is a covered offense. However, in your case, our odds of success on remand may be very, very slim, but that question of entitlement is for another day. It's for the district court. This court is only to decide eligibility, not entitlement, because we have a covered offense. It is not at all clear in this case that Mr. Taylor is given an opportunity to return to the district court. In fact, circumstances have changed greatly since he was received a 30-year sentence many years ago. First of all, we've got a new district judge on this case who was not the judge who sentenced Mr. Taylor the first time. We've got 3553A. But you would agree with respect to that, new judge or not, if the object of the conspiracy was powder, you couldn't go back. That would be clear. You wouldn't be able to go back. If the object of the conspiracy was exclusively powder, your Honor? Yes, sir. Yes, I do agree with that. Can you, before your time runs out, do you agree that all of the issues that were raised, besides the one we've been discussing, have already been resolved since this case was appealed? I, Judge Grant, I do agree that many of the issues have been resolved. For example, I think it's settled now that we have a covered offense, which is the only issue the government has argued from day one through now, and that the question of whether drug quantity is in play here has also been settled since. But you raised, for instance, that the desire to have a plenary re-sentencing, which I think we've rejected recently in a published opinion. Are there any other claims that you say we haven't issued a published opinion that directly address those claims? No, Judge Grant. Thank you. Counselor, your time is expired. Thank you. Unless the Court has any further questions, I'll conclude. Thank you, Mr. Dodge. We appreciate your time. Mr. Mandel, am I pronouncing that correctly? You are, Your Honor. Thank you. Good morning. May it please the Court. Gabriel Mandel for the United States. Because Mr. Taylor was, in fact, not sentenced for a covered offense, he is not eligible for a reduced sentence, and his motion was properly denied. Now, as this Court held in the Jones case, applying the straightforward language of Section 404A, the definition of a covered offense is whether Section 2 or 3 of the Fair Sentencing Act modified the statutory penalties. As the Court held in Jones, a covered offense is an offense which is made up of elements, including a drug quantity element. So the question of whether a particular move-in was sentenced for a covered offense or not is answered by a straightforward analysis. What were the statutory penalties for the move-in's offense before the Fair Sentencing Act, and what were they after the Fair Sentencing Act? If the penalties changed, it's a covered offense. But if the penalties were the same before and after the Fair Sentencing Act, then it is not a covered offense. And therefore, application of the term— I see what you're saying, but I'm not sure that the way you're saying it is quite right, because one of the defendants in the Jones case, he had an amount—at least one—had an amount that was far greater than 280 grams. So his potential sentence range was still the same before and after the first setback. But we found in Jones that because these cocaine-based penalties overall had changed, those individuals were still eligible for relief under the first setback. Why is this any different? That's correct, Your Honor, because the issue in Jones was whether or not you looked at the defendant's actual conduct or just the elements of the charged offense. And the Court rejected the government's argument that you look beyond just the 280 that was charged or the 50—excuse me—the 50 that was charged, and you look to the actual conduct. And the Court said, no, we're not going to look at the actual conduct. We look at the violation of a statute, which is elements. And the elements of a crack-only offense at that time would have been 50 grams or more or 5 grams or more, and that's all we're going to look at. We are not asking the Court to revisit that issue. Looking just at the elements of this offense, what was charged in the indictment, what was imposed in the judgment and is 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine. And those two elements alone, without looking at the defendant's conduct at all, mean that the Fair Sentencing Act didn't have any effect at all. So the fiction that Mr. Jones—or excuse me—Mr. Taylor is relying on replete throughout his response and even at the beginning of his argument today, is that he had two different offenses—a powder cocaine offense and a crack cocaine offense. Whatever you might say about the powder cocaine offense, the crack cocaine offense itself is sufficient. But that's a fiction which must be set aside. In reality, he was convicted and sentenced for one offense, which involved both elements—5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine. And an offense with those elements carried the same statutory penalties before and after the Fair Sentencing Act—10 years to life imprisonment—that same offense carries the same statutory penalty today. So Mr. Taylor therefore cannot lead to showing that the Fair Sentencing Act modified the statutory penalties for his one single offense and his motion is properly denied. I think the Jones court obviously did not reach this issue directly, but it implicitly recognized that dual-object conspiracies require a different analysis. In particular, the court looked closely at the record in Mr. Jones, like Mr. Taylor, had originally been charged with a dual-object conspiracy, where the quantity of powder cocaine—I believe it was charged at 16 kilograms in that case—would have been sufficient to independently require the 10-year-to-life statutory penalty. But looking deeper into the record, the Jones court noted, well, the final judgment lists it only as a solely crack cocaine offense. The drug quantity finding was only crack cocaine, so we are going to treat that as a solely crack cocaine offense. That distinction that Jones was not sentenced for a dual-object conspiracy was central to its determination that Jones' offense was a crack cocaine offense. It's interesting, if you look at the language of Jones, and let me say as a preface, Jones did not face this question. There was no case they adjudicated in Jones that had a dual-object conspiracy. The one that looked like it did, the court clarified and made it crystal clear that it was sentencing for crack and crack alone. But in Jones, the court says that the act doesn't apply when, quote, a sentence would have necessarily remained the same. Do we have that here? No, Your Honor, and I do agree with Mr. Dodge that the as-if requirement of Jones is a secondary step that we don't get to here. That is a secondary question. Once you have a covered offense, a defendant under Jones has to make a second showing in the Eleventh Circuit, and it's unique to our circuit. Jones is unique in this regard, that a defendant, even with a covered offense, must meet this as-if requirement. I believe it was Mr. Jackson in the Jones case, one of the four defendants, who met the covered offense but still couldn't get any relief because he'd been sentenced to the mandatory minimum. We don't reach that question here. I think the parties agree. The covered offense is the only question that is really before the court. So you agree that if this is a covered offense, it would go back to resentencing? Absolutely, Your Honor. Mr. Taylor was not a mandatory minimum, so the as-if requirement is not a separate bar to his claim. It is the fact that his offense did not have any modification to its statutory penalty, so he doesn't make it through the first hurdle, to make an analogy. So we don't reach the second hurdle of the as-if requirement. It may be helpful to recognize there are dual object conspiracies that would count as covered who was charged and convicted of conspiring to possess and distribute 500 grams of powder cocaine and 50 grams of crack cocaine. So prior to the Fair Sentencing Act, the statutory penalty for that offense would have been 10 years to life based on the crack cocaine element, but after the Fair Sentencing Act, that 50 grams of crack cocaine would only be sufficient for the 5 to 40 years range, and in that case, the 500 grams of powder cocaine charged in the indictment unlike the 5 kilograms in this case, would also only have been sufficient for the 5 to 40 year range. So that dual object conspiracy would be a covered offense because before the Fair Sentencing Act, the statutory penalty was 10 years to life, and after the Fair Sentencing Act, it was only 5 to 40 years. However, where the statutory penalty remains the same before and after the Fair Sentencing Act as it did in this case, it simply cannot be said that the Fair Sentencing Act modified the statutory penalties for the single offense. Don't you think that the reason, there's got to be some reason that for a dual object conspiracy, the sentencing judge is directed to two separate penalty provisions. Don't you assume that district court judges will be considering both the conduct for the crack cocaine offense and the conduct for the powder cocaine offense when formulating what they believe to be the They might, Your Honor, but one of the things that I think Jonah makes very clear to us is we're not to look at what a judge may or may not have been considering, what the offense conduct may or may not have been. You know, in this case, if we look at the facts of it, the defendant barely pledged to the crack cocaine. He showed up with a plea bargain. This is a powder cocaine conspiracy. This is really about powder cocaine. But what Jones, I think, does very nicely is make clear this is really a simple question. Look at the offense. Look at whether the statutory penalties were modified. Because the question is, if the Fair Sentencing Act had been in effect at the time this defendant had been sentenced, what would his statutory range have been? What were the penalties? You know, when you go through the plea colloquy, the Rule 11, and the court asks the Assistant U.S. Attorney, what's the statutory penalties for this offense? He doesn't say what are the various potential penalties under various, you know, lesser-included. It is one statutory penalty. It is ten years to life. If Mr. Taylor came into court today and put this exact indictment, his statutory range would be ten years to life. The Fair Sentencing Act, which was in effect... But isn't the problem, counsel, with the argument that the judge did not sentence him to ten years? If he had, seems to me the answer would be very clear. But he didn't sentence him to the mandatory minimum on ten to life for powder, or at the time, ten to life for crack. He chose to give him 360 months. He gave him three times the mandatory minimum. He gave him 30 years. How do we know what he would have done if, in fact, he had the option in front of him of sentencing him to a whole lot less for the crack offense than he had that opportunity at the time? Doesn't that show, doesn't that suggest that, at least with respect to crack, that was a covered offense? The conspiracy to I'm sorry, Your Honor, was that the end of your question? Yes, sir, it was. Okay, I'm sorry. I didn't want to cut you off. We have no idea what the judge would have done. But the First Step Act doesn't require us to look at that question. Now, I agree it would be easier if he'd sentenced him just to the ten years because then the as-if bar would preclude relief and the court really wouldn't have to necessarily reach the question of covered offense because it wouldn't be material. But the First Step Act doesn't ask this court or district courts, new time to look back and try and figure out, well, what would have happened if this had been different? You know, if statutory penalties for one of the multi-objects had changed. It just says, here's a covered offense. We're gonna make it black and white. We're gonna say, was the statutory penalty modified or not? Not, what was his conduct in this case? What would the judge have done? And we're not gonna look at any of that hindsight, second-guessing, 20 years later, try to figure out. We're just gonna say, were the statutory penalties modified? And again, it's a simple question. You just look at the elementary chart. What was the offense that was convicted and imposed? What are the statutory penalties for that offense? It's just one offense. It's not divisible. It's not separable. It's not two distinct offenses like Mr. Taylor wants the court to indulge him. It's one offense. It's one violation of a statute. Mr. Mendel, do you agree, Mr. Jackson, do you agree that the range would not change? That the range does not change in this case regardless of whether he was charged? If, as you say, if the judge has said, okay, this is what we're charging the defendant, Mr. Taylor, for the powder cocaine and this is what we're charging him for the crack cocaine, that if we sat here today, the range does not change in this case? That's exactly right, Your Honor. The statutory penalties do not change. Because in a dual-object conspiracy, the statutory penalties are not controlled by just one drug or the other. You have to look at all of them to figure out what are the statutory penalties for this offense. This is Judge Grant. Isn't the problem with that argument that under Jones, a one kilo of crack cocaine would still be subject to the same range as he was before, but would also be eligible for resentencing? No, Your Honor, because you have to just look at the indictment and the elements. That's exactly what Chief Judge Pryor rejected. The government argued that in Jones. We lost that. Our position was, don't look at the offense and the elements, look at the conduct. Two minutes remaining. Thank you. Look at the conduct. If the conduct was one kilogram, then that should be enough. What Jones says is no. My point, though, is not that you should look at what the conduct is. My point is that the argument you're making is that if the statutory range remains the same, then that means the person isn't eligible. It seems to me that that's not quite consistent with Jones. Your Honor, I'm sorry. I don't see a way that it's not consistent with Jones. I think Jones, if it didn't reach the question of due object conspiracy, it certainly didn't reach the question of, well, what if the defendant had been charged with one kilogram of crack cocaine? That doesn't exist. No one was charged. Everyone was charged because the elements are statutory elements. The statutory element was 50 grams or 5 grams or 5 kilograms of powder. It's the statutory element that drives it. If the statutory element that governed that case would have been the 50 grams, no matter what the charged offense or the conduct, it would have been the 50 grams. That changed. In this case, that question is not the only question you have to ask. You have to ask, is that change, does it change the statutory penalties for this offense? In other words, in a crack cocaine-only offense, it's really the question of merge. Did it meet the thresholds of B1, A3, or B3 or not? In a dual or multi-object conspiracy, that's not the end of the analysis for determining what are the statutory penalties for this offense. If you have an independent drug quantity like a 5 kilograms of powder cocaine or the equivalent heroin or methamphetamine that shows that the statutory penalties don't change, you just don't have a covered offense. Imagine this was just a power, I think Judge Marcus stats in a hypothetical if they were two separate offenses. This court has already answered that question. It was an unpublished decision. But in U.S. versus... Your time has expired. Can I just provide... Yes, you may. United States versus Pubian, which is appeal 19-12078, the defendant had a crack cocaine and powder cocaine offense, asked the district court to modify both. What this court held is no. The powder cocaine offense is separate. It's independent. You can't get relief under the first step backwards. The SAM analysis governs this case. I thank the panel for it. In that case, it wasn't a dual-object conspiracy. It was two separate substantive offenses. Do I have that right? You do, Your Honor. I don't think there is a published or unpublished opinion on the question that is before the court today. I think that is certainly true. I guess the reason I draw the distinction is that isn't that a difference with meaning? That is to say, if the defendant were convicted of A, possession with intent to distribute, crack, and the penalty for that changed, and he had a separate charge and conviction for powder, and nothing changed with regard to powder, the court couldn't do anything, couldn't address the matter of powder, but could on crack. Exactly, Your Honor. And the reason it couldn't on powder is because nothing changed. Nothing changed. The statutory penalties for that crime. Just like it doesn't change the statutory penalties. Right. Well, I guess what I'm asking, again, is whether that's the same circumstances we have here where the crime is a single unitary conspiracy with dual objects. One powder, one crack, and there's no question that the sentencing regime changed as to crack, and there's no question it didn't change as to powder. Is that the same circumstances, two separate substantive crimes? Clearly there's a factual distinction, Your Honor, but our position is that the legal reasoning which precluded relief in that case on the powder case is that there is not a binding precedent that answers this question, but that the reasoning for why a powder cocaine-only offense. So a defendant like Mr. Taylor, who only distributed five kilograms or more of powder cocaine, clearly couldn't get any relief. But all of a sudden, because he also distributed crack cocaine on top of his independently statutory maximum triggering powder cocaine, he is suddenly eligible for relief. It just doesn't make any sense, and I don't think it's consistent with Jones and the reasoning of Jones. I thank the panel for its time. Unless there's further questions. Thank you. Mr. Dodd, you've got three minutes. Your Honors, the government continues to ask you to write an extra exception in a section 404 that Congress didn't write. The government has just told us that we should look at this conspiracy and ask whether the statutory penalties across the board for all elements were reduced under the Fair Sentencing Act, not just the cocaine-based element. But that's nowhere to be found in the text of the statute or in Jones. In fact, section 404 uses the phrase, a covered offense, over and over again. Not the covered offense, not the entire offense, but a covered offense. This crime clearly includes a covered offense because Mr. Taylor's conspiracy was sentenced under B1A3 or B1B3. It has that cocaine-based element that we need for section 404 and under Jones. Therefore, we have a covered offense. On top of this, our view is very consistent with Congress' ameliorative purpose in passing the First Step Act. The passage of the Act is meant to remedy an old sentencing regime that created disparate impact on African Americans. Through the First Step Act and its broad language, Congress is giving the power to district courts to at least decide in a given case whether or not to reduce a sentence. That's all that we ask for here. Our reading of this text and our reading of Jones honors that purpose in passing the First Step Act. The government betrays that purpose. Unless the court has any further questions, I'll conclude. Judge Marcus? Judge Axson? I have nothing further. Thank you, Your Honors. Thank you both.